IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **RODNEY REED,** *Plaintiff*, <br><br> v. <br><br> **BRYAN GOERTZ, ET AL.,** *Defendants*. | Civil Action No. 1:19-CV-00794-LY |

**DEFENDANT TEXAS DEPARTMENT OF PUBLIC SAFETY'S
MOTION TO DISMISS [DKT NO. 1]**

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General For
Civil Litigation

**SHANNA E. MOLINARE**
Division Chief
Law Enforcement Defense Division

**ERIC A. HUDSON***
Assistant Attorney General
Texas State Bar No. 24059977
Southern District ID No. 1000759
*eric*.hudson@oag.*texas*.gov

**\*ATTORNEY OF RECORD –
COUNSEL FOR TEXAS DEPARTMENT OF PUBLIC SAFETY**

## TABLE OF CONTENTS

Table of Authorities ............................................................................................................. 3

Argument and Authorities ................................................................................................... 8

I. Standard of review ........................................................................................................ 8

   a. Federal Rule of Civil Procedure 12(b)(1) ............................................................. 8

   b. Federal Rule of Civil Procedure 12(b)(6) ............................................................. 9

II. Plaintiff's suit is an improper mandamus action masquerading as a claim for injunctive relief .................................................................................................................. 10

III. The Eleventh Amendment Bars Plaintiff's Federal Claims Against TxDPS Without Applicable Exception ..................................................................................................... 11

IV. Chapter 64 Is Constitutionally Sound ....................................................................... 13

Conclusion ......................................................................................................................... 16

Notice of Electronic Filing ................................................................................................ 18

Certificate of Service ......................................................................................................... 18

## TABLE OF AUTHORITIES

**Cases**

*Alabama v. Pugh*,
  438 U.S. 781 (1978) ...........................................................................................................7

*Anderson v. Valdez*,
  913 F.3d 472 (5th Cir. 2019) ............................................................................................ 11

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ........................................................................................................... 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................... 8

*District Attorney's Office for Third Judicial Dist. v. Osborne*,
  557 U.S. 52 (2009) ............................................................................................... 13, 14, 15

*Emerson v. Thaler*,
  544 Fed. App'x 325 (5th Cir. 2013) ................................................................................. 12

*Garcia v. Castillo*,
  431 Fed. App'x 350 (5th Cir. 2011) ................................................................................. 13

*Home Depot U.S.A., Inc. v. Jackson*,
  139 S.Ct. 1743 (2019) ........................................................................................................ 5

*Hooks v. Landmark Indus., Inc.*,
  797 F.3d 309 (5th Cir. 2015) ..............................................................................................7

*Kentucky v. Graham*,
  473 U.S. 159 (1985) .......................................................................................................... 11

*Legacy Cmty. Health Servs., Inc. v. Smith*,
  881 F.3d 358 (5th Cir. 2018) ............................................................................................. 9

*Lewis v. Casey*,
  518 U.S. 343 (1996) ........................................................................................................... 9

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
  594 F.3d 383 (5th Cir. 2010) ............................................................................................. 8

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992) ........................................................................................................... 9

*McKithen v. Brown*,
    626 F.3d 143 (2nd Cir. 2010)..................................................................................14

*Medina v. California*,
    505 U.S. 437 (1992) ...............................................................................................15

*Meyers ex rel. Benzing v. Texas*,
    410 F.3d 236 (5th Cir. 2005) ................................................................................... 6

*Moye v. Clerk, DeKalb Cty. Superior Ct.*,
    474 F.2d 1275 (5th Cir. 1973) ................................................................................. 9

*Norton v. Enns*,
    2014 WL 3947158 (N.D. Tex. 2014) .....................................................................10

*Oaxaca v. Roscoe*,
    641 F.2d 386 (5th Cir. 1981) ................................................................................... 8

*Okpalobi v. Foster*,
    244 F.3d 404 (5th Cir. 2001) ..................................................................................11

*Plotkin v. IP Axess Inc.*,
    407 F.3d 690 (5th Cir. 2005) ................................................................................... 8

*Ramirez v. McCraw*,
    715 Fed. App'x 347 (5th Cir. 2017) .....................................................................6, 9

*Ramming v. United States*,
    281 F.3d 158 (5th Cir. 2001) ................................................................................... 7

*Reprod. Health Servs. Of Planned Parenthood of St. Louis Region, Inc. v. Nixon*,
    428 F.3d 1139 (8th Cir. 2005) ................................................................................12

*Rhodes v. Keller*,
    77 Fed. App'x 261 (5th Cir. 2003) .........................................................................10

*Sullivan v. Leor Energy, LLC*,
    600 F.3d 542 (5th Cir. 2010) ................................................................................... 8

*Susan B. Anthony List v. Driehaus*,
    573 U.S. 149 (2014) ................................................................................................. 9

*Verizon Maryland, Inc. v. Public Serv. Com'n of Maryland*,
    535 U.S. 635 (2002) ................................................................................................11

*Whitmore v. Arkansas*,
  495 U.S. 149 (1990) .................................................................................................. 9

*Ynclan v. Dep't of Air Force*,
  943 F.2d 1388 (5th Cir. 1991) ................................................................................... 8

**Statutes**

Tex. Code Crim. Proc. art. 38.43 (c)(2)(A) ....................................................................13

Tex. Code Crim. Proc. art. 64.03 ...................................................................................12

Tex. Code Crim. Proc. art. 64.035 .................................................................................12

Tex. Code Crim. Proc. art. 64.01 (a-1) ...........................................................................13

Tex. Code Crim. Proc. art. 64.01 (b) ..............................................................................13

Tex. Code Crim. Proc. art. 64.03(a) ...............................................................................13

Tex. Code Crim. Proc. art. 64.03(a)(1)(B), (2) ...............................................................14

Tex. Code Crim. Proc. art. 64.03(a)(2) ..........................................................................14

Tex. Code Crim. Proc. art. 64.03(a)(2)(B) .....................................................................14

Tex. Code Crim. Proc. art. 64.04 ...................................................................................14

Tex. Code Crim. Proc. art. 64.05 ...................................................................................14

U.S. Const. art. III, § 2, cl. 1 ........................................................................................... 9

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ...................................................................2, 7

Federal Rule of Civil Procedure 12(b)(6) ................................................................... 2, 8

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **RODNEY REED,** *Plaintiff*, <br><br> v. <br><br> **BRYAN GOERTZ, ET AL.,** *Defendants*. | Civil Action No. 1:19-CV-00794-LY |

### DEFENDANT TEXAS DEPARTMENT OF PUBLIC SAFETY'S
### MOTION TO DISMISS [DKT NO. 1]

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE LEE YEAKEL—**

The Supreme Court has "often explained that '[f]ederal courts are courts of limited jurisdiction.'" *Home Depot U.S.A., Inc. v. Jackson*, 139 S.Ct. 1743, 1746 (2019) (internal citation omitted). Considering that explanation, Rodney Reed ("plaintiff") added Steve McCraw, the Director of the Texas Department of Public Safety ("TxDPS") to this suit solely because TxDPS has "custody of certain evidence" that plaintiff wants but did not include any legal basis for asserting jurisdiction over TxDPS. Dkt. No. 1 at ¶ 10. Plaintiff does not complain that TxDPS violated his constitutional rights; the relief plaintiff seeks is akin to mandamus, relief that this Court cannot provide; and, plaintiff does not provide any legal basis for disregarding black-letter law applying Eleventh Amendment immunity.. *See generally* Dkt. No. 1. Because plaintiff failed to invoke this Court's jurisdiction as to TxDPS, plaintiff's claims should be dismissed. Alternatively, the failure to state a claim against TxDPS provides ample justification for dismissing plaintiff's claims.

*First*, plaintiff lacks standing to bring his claims against TxDPS. As noted below, courts, including this Court, have addressed whether a federal court can order the release of biological material through a § 1983 suit, and have found that such relief amounts to an improper mandamus action seeking to direct state courts and their judicial officers in the performance of their duties. *See, e.g.*, *Ramirez v. McCraw*, 715 Fed. App'x 347, 350 (5th Cir. 2017). Without a redressable claim, plaintiff lacks standing to bring his suit against TxDPS.

*Second*, e*ven* if plaintiff has standing, invoking the phrase "custodian of evidence" does not abrogate Eleventh Amendment immunity[1] in federal court. Dkt. No. 1 at ¶ 10. Section 1983 does not do the trick, either. As an arm of the state, TxDPS is entitled to Eleventh Amendment immunity. Plaintiff will likely protest that this is a suit for injunctive relief only, not money. But that distinction is of no moment here. The Eleventh Amendment applies regardless of the relief sought, and the only exception, the *Ex parte Young* doctrine, applies only where a plaintiff demonstrates an *on-going* constitutional violation. Because TxDPS is named only as a custodian of evidence, there is *no* constitutional violation alleged against TxDPS, let alone an *on-going* violation that would trigger *Ex parte Young* relief.

From a practical perspective, applying Eleventh Amendment immunity makes sense. TxDPS should be immune from suit and from liability in this case. Section 1983 permits recovery of costs and attorney's fees by prevailing parties from losing parties. Plaintiff does seek attorney's fees and costs in this case, *see* Dkt. No.1 at p. 31, despite limiting the requested affirmative relief to prospective injunctive relief. Further, the Eleventh Amendment provides immunity from *suit* and

---

[1] *Cf. Meyers ex rel. Benzing v. Texas*, 410 F.3d 236, 240-41 (5th Cir. 2005) ("'Eleventh Amendment immunity' is a misnomer, however, because that immunity is really an aspect of the Supreme Court's concept of state sovereign immunity and is neither derived from nor limited by the Eleventh Amendment.").

from liability. TxDPS should not be forced to spend time and agency resources litigating a constitutional tort case that does not involve any constitutional violation by the agency, and then face the prospect of paying attorney's fees and costs for putative constitutional violations that the agency did not commit. Put plainly, TxDPS has an interest in being free of compliance with this Court's orders where jurisdiction is not properly invoked. *See, e.g.*, *State of Alabama v. Pugh*, 438 U.S. 781, 782 (1978) (explaining that the application of Eleventh Amendment immunity is "not merely academic" because states have an interest in avoiding the dangers attendant to litigation and judgments).

At bottom, (1) plaintiff lacks standing, (2) TxDPS otherwise has immunity from this suit, and (3) TxDPS is not a proper party to this suit. Alternatively, (4) plaintiff failed to state any constitutional claim against TxDPS. Accordingly, this Court should dismiss TxDPS from this litigation.

## ARGUMENT AND AUTHORITIES

### I.  Standard of review

#### a. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. FED. R. CIV. P. 12(b)(1). When the court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject-matter jurisdiction. *See Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

"A motion to dismiss for lack of subject matter jurisdiction may be decided by the district court on one of three bases: the complaint alone, the complaint supplemented by undisputed facts evidenced in the record, or the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ynclan v. Dep't of Air Force*, 943 F.2d 1388, 1390 (5th Cir. 1991). When the motion challenges the facts on which jurisdiction depends, the Court has discretion to allow affidavits, documents, and even a limited evidentiary hearing to resolve the disputed jurisdictional facts. *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981).

### b. Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). To avoid dismissal under Rule 12(b)(6), a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While the Court must accept all factual allegations as true, the Court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); *see also Ashcroft*, 556 U.S. at 679.

When reviewing a motion to dismiss for failure to state a claim, "[t]he court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010); *see also Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 546 (5th Cir. 2010).

## II. Plaintiff's suit is an improper mandamus action masquerading as a claim for injunctive relief

"'[S]tanding is not dispensed in gross'; a party must have standing to challenge each 'particular inadequacy in government administration.'" *Legacy Cmty. Health Servs., Inc. v. Smith*, 881 F.3d 358, 366 (5th Cir. 2018) (quoting *Lewis v. Casey*, 518 U.S. 343, 357-58 & n.6 (1996)); *see also* U.S. Const. art. III, § 2, cl. 1. "[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke jurisdiction must establish the requisite standing to sue." *Whitmore v. Arkansas*, 495 U.S. 149, 154-55 (1990). Accordingly, any federal court plaintiff must have case-or-controversy "standing" to assert a claim—specifically, "a plaintiff must show (1) an 'injury in fact,' (2) a sufficient 'causal connection between the injury and the conduct complained of,' and (3) a likel[ihood]' that the injury 'will be redressed by a favorable decision.'" *Susan B. Anthony List v. Driehaus*, 573 U.S. 149 (2014) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (some internal quotation marks omitted)).

Here, the Court cannot redress plaintiff's injury because the relief plaintiff seeks is for this Court to direct TxDPS to turn over biological evidence for further DNA testing, relief best characterized as mandamus relief. Plaintiff's premise is that Texas state courts misinterpreted or misapplied state law, not that Chapter 64 of the Texas Code of Criminal Procedure fails to include sufficient procedural guardrails to pass constitutional muster. Stated alternatively, plaintiff is unhappy with decisions from state courts and asks this Court to compel TxDPS to do what plaintiff believes those courts should have held TxDPS was required to do—a request that sounds in mandamus. *See Ramirez*, 715 F. App'x at 350.

But federal courts lack authority to issue writs of mandamus against state agencies and state actors. *See Ramirez*, 715 F. App'x at 350 (quoting *Moye v. Clerk, DeKalb Cty. Superior Ct.*,

474 F.2d 1275, 1276 (5th Cir. 1973) for the proposition that "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought."); *see also Rhodes v. Keller*, 77 Fed. App'x 261 (5th Cir. 2003) (unpublished) (same); *Norton v. Enns*, 2014 WL 3947158, at *3 (N.D. Tex. 2014) (same).

This Court recently addressed this very problem. Like Reed, the plaintiff in *Swearingen v. Sharon Keller, et al.*, filed a civil rights action alleging due process violations tied to the Texas Court of Criminal Appeals' ("CCA") purportedly inconsistent and arbitrary rulings during the postconviction DNA testing process and that the state courts had violated his constitutional rights by denying him his ability to establish his innocence. No. A-16-CV-1181 (W.D. Tex. July 7, 2017) (order dismissing complaint). The district court held that it lacked jurisdiction because the plaintiff's complaint was "properly construed as a petition for mandamus relief." *Id*. The district court explained that the complaint was "the equivalent of a petition for mandamus relief because it request[ed]" the district court "to direct the state court to require the DNA testing [Swearingen] request and to direct the custodians of htat evidence to release it for testing." *Id*.

So too here.

Plaintiff's requests masquerade as requests for injunctive relief but mirror the *Swearingen* requests. Because plaintiff really asks this Court for mandamus relief against TxDPS, plaintiff asks for something this Court cannot provide. Plaintiff, thus, lacks an injury redressable through this suit, entitling TxDPS to dismissal for lack of standing.

  **III.** **The Eleventh Amendment Bars Plaintiff's Federal Claims Against TxDPS Without Applicable Exception**

To the extent that plaintiffs have sued Steve McCraw in his official capacity, the real party in interest is the State of Texas, not Director McCraw—entitling him to Eleventh Amendment immunity. *See See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("The Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court. This bar remains in effect when State officials are sued for damages in their official capacity."). Plaintiff did not include any claim for legal relief against TxDPS in his complaint, *see generally* Dkt. No. 1, so the suit itself is barred by the Eleventh Amendment.

TxDPS anticipates that plaintiff will invoke *Ex parte Young* to justify retaining TxDPS in this case, but *Ex parte Young* is unhelpful here. Fitting into the *Ex parte Young* exception requires showing an ongoing violation of federal law and the complaint must seek relief properly characterized as prospective injunctive relief. *See Verizon Maryland, Inc. v. Public Serv. Com'n of Maryland*, 535 U.S. 635, 645 (2002); *see also Anderson v. Valdez*, 913 F.3d 472, 479 (5th Cir. 2019) (same). The claims here miss the mark.

Plaintiff's suit turns on the allegation that the CCA's interpretation of Chapter 64 of the Texas Code of Criminal Procedure deprived him of due process, access to courts, and the ability to prove his innocence. Dkt. No. 1 at pp. 17-23. As noted in plaintiff's complaint, TxDPS is in this suit because they purportedly have "certain evidence specified in [plaintiff's] Exhibit A" not because TxDPS is charged with actively violating plaintiff's constitutional rights. Dkt. No. 1 at ¶ 10. TxDPS does not have authority to direct or compel the CCA to interpret Chapter 64 in any particular manner, and more importantly, TxDPS cannot simply disregard state court rulings. *See, e.g.*, *Okpalobi v. Foster*, 244 F.3d 404, 416-17 (5th Cir. 2001) (holding that, for the *Ex parte Young*

exception to apply, the state official must have "the particular duty to enforce the statute in question and a demonstrated willingness to exercise that duty"); *but see Emerson v. Thaler*, 544 Fed. App'x 325, n. 2 (5th Cir. 2013) (implying that custodians of DNA evidence may be proper parties to § 1983 claims seeking DNA evidence).

Rather, Chapter 64 permits that a state court "may order" DNA testing to be conducted by TxDPS, a contracted laboratory, or an accredited laboratory. Tex. Code Crim. Proc. art. 64.03. Following an order under article 64.03, a state court "shall order" any DNA profiles identified through the previously-ordered DNA testing to be compared with DNA profiles maintained by the FBI and DPS. Tex. Code Crim. Proc. art. 64.035. Any duty to conduct such testing or comparison arises only after a state court enters an order for testing of biological evidence. Put plainly, TxDPS's authority to operate under Chapter 64 turns on whether a state court directs it to act. Such contingent authority does not support relief under *Ex parte Young*. *See, e.g.*, *Reprod. Health Servs. Of Planned Parenthood of St. Louis Region, Inc. v. Nixon*, 428 F.3d 1139, 1145 (8th Cir. 2005) (holding that plaintiffs failed to establish an exception under *Ex parte Young* where state law at issue first required the governor to direct a state official to take action, and a state official had not been directed to take action as required by state law).

Applying the rule: plaintiff cannot identify an *on-going* violation of constitutional law; nor can he identify any proper prospective injunctive relief. Because plaintiff cannot pass those basic tests, the Eleventh Amendment bars his claims against TxDPS.

### IV. Chapter 64 Is Constitutionally Sound

The Court need not reach the question of whether plaintiff stated a claim for relief against TxDPS because this Court lacks jurisdiction and alternatively, TxDPS is entitled to sovereign

immunity. If, however, this Court reaches the issue, it should dismiss plaintiff's case against TxDPS for failure to state a claim upon which relief may be granted.

In *District Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68 (2009), the Supreme court found a liberty interest exists for defendants seeking to demonstrate actual innocence with new evidence under state law. The postconviction nature of the interest, however, does not support a freestanding substantive due process right to access DNA evidence. *Id*. at 69-70, 73-74. That interest also does not dictate an exact form postconviction DNA testing must take. *Id*. at 69. Stated another way, to show that Chapter 64 is constitutionally defective, plaintiff must demonstrate that Chapter 64 is fundamentally inadequate. *Id*. Where, as here, plaintiff cannot show that the Texas statute, as applied to him, violated his constitutional rights, he cannot meet his burden. *See Garcia v. Castillo*, 431 Fed. App'x 350, 353 (5th Cir. 2011) (unpublished).

Texas law requires that, to obtain DNA testing, a convicted person move for "for forensic DNA testing of evidence that has a reasonable likelihood of containing biological material." in the state trial court.[2] Tex. Code Crim. Proc. art. 64.01 (a-1). The statute further requires that the evidence to be tested was in the possession of the State at the time of trial but was not previously subjected to DNA testing or could be "subjected to newer testing techniques that provide a reasonable likelihood of results that are more accurate and probative than the results of the previous test." Tex. Code Crim. Proc. art. 64.01 (b).

The state trial court may order forensic DNA testing only if the evidence still exists, can be subjected to DNA testing, and has been subjected to a sufficient chain of custody. Tex. Code Crim. Proc. art. 64.03(a). The convicted person must also show, *inter alia*, that identity was or is at issue

---

[2] Texas Code of Criminal Procedure article 38.43 (c)(2)(A) requires that evidence containing biological material be retained and preserved in a capital case until the inmate is executed, dies, or is released on parole.

in the case and must establish by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. Tex. Code Crim. Proc. art. 64.03(a)(1)(B), (2).

After examining the results of DNA testing, the convicting court is required to "hold a hearing and make a finding as to whether, had the results been available during the trial of the offense, it is reasonably probable that the person would not have been convicted." Tex. Code Crim. Proc. art. 64.04. The convicted person may appeal the trial court's decision. Tex. Code Crim. Proc. art. 64.05. But the statute also requires that "the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or administration of justice." Tex. Code Crim. Proc. art. 64.03(a)(2)(B).

The Supreme Court explained in *Osborne* that a similar state law framework was adequate. 557 U.S. at 69–70. Notably, the Texas state law framework for DNA testing permits testing if the convicted person establishes by a "preponderance of the evidence" that he would not have been convicted if exculpatory results had been obtained through DNA testing. Tex. Code Crim. Proc. art. 64.03(a)(2). The Alaska state law at issue in Osborne required a greater showing that "newly discovered evidence" established "by clear and convincing evidence" the convicted person was innocent. Osborne, 557 U.S. at 68. Alaska courts also required that the testing "would likely be conclusive" on the issue of the convicted person's innocence. Id. at 65. Plaintiff, therefore, fails to demonstrate that Texas's less onerous requirements for DNA testing violated his right to procedural due process. *See McKithen v. Brown*, 626 F.3d 143, 153–54 (2nd Cir. 2010) (holding that New York's statutory framework providing for DNA testing was adequate because its standards were less "restrictive and difficult to meet" than the Alaska standard at issue in Osborne).

Again, federal courts intervene only where the State's framework for providing access to DNA testing "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental or transgresses any recognized principle of fundamental fairness in operation." *Osborne*, 557 U.S. at 69 (quoting *Medina v. California*, 505 U.S. 437, 446, 448 (1992)) (internal quotation marks omitted). Chapter 64 does not offend any fundamental constitutional principle. Plaintiff made no such factual showing here.

## CONCLUSION

This Court should hold that plaintiff lacks standing to bring suit against the Texas Department of Public Safety. Alternatively, this Court should find that the Eleventh Amendment to the United States Constitution bars plaintiff's claims against TxDPS. In either case, this Court should dismiss TxDPS from this suit, and order costs and attorney's fees paid to TxDPS, along with any other relief deemed appropriate by the Court.

**Dated:** September 18, 2019.

Respectfully submitted.

**KEN PAXTON**
Attorney General of Texas

**JEFFREY C. MATEER**
First Assistant Attorney General

**DARREN L. MCCARTY**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief
Law Enforcement Defense Division

*/s/ Eric A. Hudson*
**ERIC A. HUDSON**
Assistant Attorney General
Texas State Bar No. 24059977
Southern District ID No. 1000759

OFFICE OF THE ATTORNEY GENERAL
Law Enforcement Defense Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 463-2080 / (512) 370-9410 (Fax)
*Eric.Hudson@oag.texas.gov*

**ATTORNEY FOR TXDPS**

## NOTICE OF ELECTRONIC FILING

I, **ERIC A. HUDSON**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing in accordance with the Electronic Case Files system of the United States District Court for the Western District of Texas, on September 18, 2019.

                                                   */s/ Eric A. Hudson*
                                                  **ERIC A. HUDSON**
                                                  Assistant Attorney General

## CERTIFICATE OF SERVICE

I, **ERIC A. HUDSON**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the above and foregoing has been served directly to all counsel on record by the Electronic Case Files System of the Western District of Texas on September 18, 2019.

                                                  */s/ Eric A. Hudson*
                                                  **ERIC A. HUDSON**
                                                  Assistant Attorney General