IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RODNEY REED, <br> *Plaintiff*, <br><br> v. <br><br> BRYAN GOERTZ, Criminal District Attorney, Bastrop County, Texas <br> *Defendant*. | § § § § § § § § § | ACTION NO. 1:19-CV-794-LY <br> **CAPITAL CASE** |

---

### DEFENDANT GOERTZ'S
### OPPOSED MOTION TO STAY DISCOVERY

---

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

MARK PENLEY
Deputy Attorney General
For Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

MATTHEW OTTOWAY
Assistant Attorney General
State Bar No. 24047707
   *Counsel of Record*

Post Office Box 12548, Capitol Station
Austin, Texas 78711
Tel.: (512) 936-1400
Fax: (512) 320-8132
Email: *matthew.ottoway@oag.texas.gov*

*Counsel for Defendant Goertz*

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................................i

TABLE OF AUTHORITIES ........................................................................................................... ii

INTRODUCTION ........................................................................................................................... 1

MOTION TO STAY DISCOVERY ................................................................................................ 1

CONCLUSION ................................................................................................................................ 4

CERTIFICATE OF CONFERENCE ............................................................................................... 5

CERTIFICATE OF COMPLIANCE ............................................................................................... 5

CERTIFICATE OF SERVICE ........................................................................................................ 6

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .................................................................................... 2

*Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353 (11th Cir. 1997) ........................................ 2

*In re Ayers*, 123 U.S. 443 (1887) .............................................................................................. 3

*Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 901 F.2d 404 (5th Cir. 1990) ............................ 2

*P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139 (1993) ............................ 2

*Petrus v. Bowen*, 833 F.2d 581 (5th Cir. 1987) ........................................................................ 1

*Shaver v. Barrett Daffin Frappier Turner & Engel, LLP*, 593 F. App'x 265 (5th Cir. 2014) ........ 1

*Skinner v. Switzer*, 562 U.S. 521 (2011) .................................................................................. 4

*Williams v. Brooks*, 996 F.2d 728 (5th Cir. 1993) .................................................................... 3

**Statutes**

42 U.S.C. § 1983 ....................................................................................................................... 1

**Rules**

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 1, 2

Fed. R. Civ. P. 26(a)(1)(A)(i) .................................................................................................... 3

Fed. R. Civ. P. 26(f) .................................................................................................................. 3

Fed. R. Civ. P. 8 ........................................................................................................................ 1

**Treatises**

8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus,
  *Federal Practice and Procedure* (3d ed. 2019) ..................................................................... 2

## INTRODUCTION

This is civil-rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff is a Texas death row inmate scheduled to be executed November 20, 2019. He filed his initial complaint, purporting to challenge Texas's postconviction DNA testing scheme, Chapter 64 of the Texas Code of Criminal Procedure, on August 8, 2019. *See generally* Compl., ECF No. 1. On October 1, 2019, he amended his complaint, the primary differences between the two pleadings being that he dropped several defendants, no longer requests injunctive relief, and adds a claim under the Texas Constitution. *See generally* Am. Compl., ECF No. 10. Defendant Bryan Goertz, the Criminal District Attorney of Bastrop County, Texas respectfully moves to stay all discovery until Goertz's motion to dismiss for want of jurisdiction and failure to plead a claim for which relief may be granted is decided.

## MOTION TO STAY DISCOVERY

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). "It is not uncommon to stay discovery pending a decision on a motion to dismiss, insofar as a Rule 12(b)(6) motion to dismiss focuses on the adequacy of the pleadings." *Shaver v. Barrett Daffin Frappier Turner & Engel, LLP*, 593 F. App'x 265, 274 (5th Cir. 2014). This makes sense because, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, . . . it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

Indeed, "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should . . . be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997) (Tjoflat, J.) (footnote omitted). This is because "no discovery [is] needed to resolve the motions to dismiss under [Rule] 12(b)(6). . . . [because s]uch motions are decided on the face of the complaint."

1

*Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 901 F.2d 404, 435 (5th Cir. 1990). The Eleventh Circuit's reasoning on this point is particularly persuasive.

> If the district court dismisses a nonmeritorious claim before discovery has begun, unnecessary costs to the litigants and to the court system can be avoided. Conversely, delaying ruling on a motion to dismiss such a claim until after the parties complete discovery encourages abusive discovery and, if the court ultimately dismisses the claim, imposes unnecessary costs. For these reasons, any legally unsupported claim that would unduly enlarge the scope of discovery should be eliminated before the discovery stage, if possible. Allowing a case to proceed through the pretrial processes with an invalid claim that increases the costs of the case does nothing but waste the resources of the litigants in the action before the court, delay resolution of disputes between other litigants, squander scarce judicial resources, and damage the integrity and the public's perception of the federal judicial system.

*Chudasama*, 123 F.3d at 1368 (footnotes omitted).

The same factors warranting a stay of discovery in the Rule 12(b)(6) context also support staying discovery for resolution of jurisdictional matters, including *Rooker–Feldman* preclusion and Eleventh Amendment immunity. *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2040 (3d ed. 2019) ("[A] court may decide that in a particular case it would be wise to stay discovery on the merits until challenges to jurisdiction have been resolved."). The latter especially so. *See P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) ("The very object and purpose of the [Eleventh] Amendment were to prevent the indignity of subjecting a State to the coercive process of judicial tribunals at the instance of private parties." (quoting *In re Ayers*, 123 U.S. 443, 505 (1887))); *Carty v. Rodriguez*, 211 F. App'x 292, 293 (5th Cir. 2006) ("Immunity, whether qualified or absolute, is an entitlement to be free from the burdens of time-consuming pre-trial matters and the trial process itself." (quoting *Williams v. Brooks*, 996 F.2d 728, 730 n.2 (5th Cir. 1993))).

Concurrent with this filing, Goertz has filed a motion to dismiss. In it, Goertz contends that Plaintiff is not really challenging Chapter 64 but the adverse Court of Criminal Appeals's decision

and Goertz's actions in opposing DNA testing. Am. Mot. Dismiss 5–6, ECF No. 22. Thus, the *Rooker–Feldman* doctrine bars this suit. *Id*. So too is this suit barred by Eleventh Amendment immunity because Plaintiff no longer seeks injunctive relief and Goertz does not have the requisite connection to the supposedly unconstitutional act. *Id*. at 6–7. These jurisdictional issues should be decided before Goertz is put to the trouble and expense of discovery.

Similarly, Goertz has moved to dismiss Plaintiff's claims as failing to state a ground upon which relief may be granted. First, Plaintiff's claims are time-barred. Am. Mot. Dismiss 8. Second, Plaintiff's due process challenges to Chapter 64 are all summarily dismissible as that statutory scheme is fundamentally fair. *Id*. at 10–17. Third, the remainder of Plaintiff's claims, all predicated on a prior finding of a due process violation, also fail as a matter of law. *Id*. at 17–20. Given these preliminary issues that can be decided from the pleadings, all discovery should be stayed, including initial disclosures and any form of production.

In addition, the specific facts of this case warrant a stay of discovery beyond the preliminary jurisdictional and legal questions that should be addressed first. Here, Plaintiff has provided Goertz with an initial disclosure naming Plaintiff, Jimmy Fennell, and a variety of prosecutors, law enforcement, and forensics experts as likely having discoverable information. Ex. A; *see* Fed. R. Civ. P. 26(a)(1)(A)(i). In turn, Plaintiff has demanded that Goertz produce his initial disclosures by October 15, 2019, despite not having engaged in a Rule 26(f) conference thereby triggering a due date, nor discussed an alternative discovery schedule. Ex. B. On top of that, Plaintiff has requested production of evidence collected as part of a criminal investigation, or access to that evidence, as a form of discovery by the same date. Ex. C. No discovery should be permitted, and a stay of discovery, including initial disclosures and production of any kind, should be imposed.

As to initial disclosures, Plaintiff's listing of seventeen individuals is either a concession that he is not actually "target[ing] as unconstitutional the Texas statute" but is rather challenging "the adverse CCA decision[ itself]," *Skinner v. Switzer*, 562 U.S. 521, 532 (2011), or it is entirely irrelevant, listing witnesses for a *facial* challenge to a statute. So too is it improper to have demanded initial disclosures without first conferencing the matter and then demanding a truncated disclosure deadline despite having been able to file suit for the past five years. Am. Mot. Dismiss 8. And Plaintiff's specific demands for evidence are excessive too—he has never requested DNA testing on these items, nor do they form a basis of his pending lawsuit. *See* Am. Compl. Ex. A, ECF No. 10-1 (listing the evidence Plaintiff wants DNA tested). In other words, it appears Plaintiff has filed suit to obtain discovery that is entirely irrelevant to his complaint. Thus, the Court should enter what effectively amounts to a protective order and stay all discovery, including initial disclosures and production of requested discovery, if the Court does not do so due to the pendency of Goertz's amended motion to dismiss.

## CONCLUSION

For the foregoing reasons, the Court should stay all discovery until it resolves Goertz's pending amended motion to dismiss.

    Respectfully submitted,

    KEN PAXTON
    Attorney General of Texas

    JEFFREY C. MATEER
    First Assistant Attorney General

    MARK PENLEY
    Deputy Attorney General
    For Criminal Justice

    EDWARD L. MARSHALL
    Chief, Criminal Appeals Division

  /s/ Matthew Ottoway
MATTHEW OTTOWAY
Assistant Attorney General
State Bar No. 24047707
    *Counsel of Record*

Post Office Box 12548, Capitol Station
Austin, Texas 78711
Tel.: (512) 936-1400
Fax: (512) 320-8132
Email: *matthew.ottoway@oag.texas.gov*

*Counsel for Defendant Goertz*

## CERTIFICATE OF CONFERENCE

    I certify that I conferred with Plaintiff's counsel, Bryce Benjet, regarding the foregoing document and he stated that he was opposed.

  /s/ Matthew Ottoway
MATTHEW OTTOWAY
Assistant Attorney General

## CERTIFICATE OF COMPLIANCE

    I do herby certify that this document complies with Local Court Rule CV-10 and *In re: Filing of Documents in the Austin Division* in that the document utilizes 12-point font, is double spaced, has one-inch margins, and contains all required attorney information.

  /s/ Matthew Ottoway
MATTHEW OTTOWAY
Assistant Attorney General

## CERTIFICATE OF SERVICE

      I do herby certify that on October 15, 2019, I electronically filed the foregoing document with the Clerk of the Court for the U.S. District Court, Western District of Texas, using the electronic case-filing system of the Court. The electronic case-filing system sent a "Notice of Electronic Filing" (NEF) to the following counsel of record, who consented in writing to accept the NEF as service of this document by electronic means:

| | |
|---|---|
| Bryce Benjet | Andrew F. MacRae |
| THE INNOCENCE PROJECT | LEVATINO | PACE PLLC |
| 40 Worth Street, Suite 701 | 1101 S. Capital of Texas Hwy., Building K, Ste. 125 |
| New York, New York, 10013 | Austin, Texas 78746 |
| bbenjet@innocenceproject.org | amacrae@levatinopace.com |

                                                /s/ Matthew Ottoway
                                                MATTHEW OTTOWAY
                                                Assistant Attorney General