# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RODNEY REED, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | |
| BRYAN GOERTZ, Bastrop County District Attorney, in his official capacity only, | § | **CIVIL CASE NO. 1:19-cv-794** |
| | § | |
| Defendant. | § | **CAPITAL CASE** |
| | § | |

## **INITIAL DISCLOSURES OF RODNEY REED PURSUANT TO RULE 26(a)(1)(A)**

Pursuant to Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure, plaintiff Rodney Reed ("Plaintiff"), hereby submits his initial disclosures. Plaintiff reserves the right to supplement or revise these initial disclosures in light of further discovery, factual investigation, and trial preparation. Plaintiff also reserves all objections, claims of privilege, and work-product protection, in this case or any other case or proceeding, regarding the use for any purpose of these initial disclosures or any of the information or documents referenced herein.

The following disclosures are based on information currently known to Plaintiff and are provided without prejudice to producing, during discovery or at any point before or at trial, any additional information or documents that are subsequently discovered, subsequently determined to be relevant for any purpose or subsequently determined to have been omitted from these initial disclosures. Plaintiff makes these disclosures without waiving any applicable privilege or protection, his right to object on any grounds to the use of any documents or information

identified herein, or his right to object to discovery requests that include the categories of documents below.

## I. INDIVIDUALS LIKELY TO HAVE DISCOVERABLE INFORMATION

Subject to the reservation of rights and privileges described above and based upon the information now reasonably available to him, Plaintiff hereby identifies the following individuals who are reasonably likely to have discoverable information that Plaintiff may use to support his claims or defenses, unless the use would solely be for impeachment.

| Name | Address / Phone | Area of Knowledge |
|---|---|---|
| Rodney Reed | c/o Bryce Benjet, Esq.<br>THE INNOCENCE PROJECT<br>████<br>and<br>Andrew F. Macrae<br>LEVATINO\|PACE PLLC<br>████ | Relationship with Stacey Stites |
| Jimmy Fennell, Jr. | c/o Robert M. Phillips, Esq.<br>████ | Relationship with Stacey Stites; timeline of events before her death |
| Bryan Goertz, Bastrop County District Attorney | ████ | State's basis for opposition to DNA testing; condition of the evidence sought to be tested; evidence that has been tested; chain of custody |
| Matthew Ottoway, Assistant Attorney General | Office of the Attorney General<br>████ | State's basis for opposition to DNA testing; condition of the evidence sought to be tested; evidence that has been tested |
| Lisa Tanner, Assistant Attorney General | Office of the Attorney General<br>████ | State's handling of trial evidence; chain of custody |

| | | |
|---|---|---|
| Sarah Loucks, Bastrop County District Clerk | | Condition of evidence in the custody of the Bastrop County District Clerk collected in investigation of the death of Stacey Stites |
| Etta Wiley, Former Bastrop County District Clerk | | Condition of evidence in the custody of the Bastrop County District Clerk collected in investigation of the death of Stacey Stites |
| Gerald Clough | Office of the Attorney General | Condition of evidence in the custody of the Bastrop County District Clerk collected in investigation of the death of Stacey Stites |
| Maurice Cook, Bastrop County Sheriff | | Condition of evidence in the custody of the Bastrop County Sheriff collected in investigation of the death of Stacey Stites |
| Steve McCraw, Director of the Texas Department of Public Safety | Agency #: 405 | Condition of evidence in the custody of the Texas Department of Public Safety collected in investigation of the death of Stacey Stites |
| Deanna D. Lankford, M.T. (ASCP), Associate Laboratory Director | Orchid Cellmark, Inc. | Ability of forensic DNA testing to provide probative results. |
| John Paolucci | Forensics 4 Real Inc. | Crime scene investigation |
| Michael M. Baden, M.D. | | Forensic pathology |
| Werner Spitz, M.D. | | Forensic pathology |
| LeRoy Riddick, M.D. | | Forensic pathology |
| Karen Blakely, | | Investigation of original crime scene; collection of evidence |
| Meghan Clement | | Serology |

3

In addition to the persons identified above, Plaintiff also identifies all persons identified by Defendant in this action in his Rule 26(a)(1) initial disclosures. Plaintiff reserves the right to amend or supplement the above as more information becomes available.

## II. CATEGORIES OF DOCUMENTS, ELECTRONICALLY STORED INFORMATION AND TANGIBLE THINGS SUPPORTING PLAINTIFF'S CLAIMS

Subject to the reservation of rights and privileges described above, Plaintiff identifies the following category of non-privileged documents, electronically stored information, and tangible things (collectively "Documents") that (1) may be in his possession, custody, or control, and (2) may be used to support his claims or defenses, unless the use would be solely for impeachment. It is believed that Defendant is already in possession, custody or control of the documents, ESI and tangible things noted below.

- All documents, electronically stored information, and tangible things in the custody of (i) Defendant, and (ii) the Bastrop County District Clerk, Bastrop County Sheriff, and Texas Department of Public Safety, collected or generated in the investigation of the death of Stacey Stites.

- All documents, electronically stored information, and tangible things identified by Defendant in this action in his initial and supplemental disclosures pursuant to Federal Rules of Civil Procedure 26(a) and (e).

Plaintiff reserves the right to amend or supplement the above as more information becomes available.

## III. CALCULATION OF DAMAGES

Because Plaintiff seeks only declaratory relief in this action, this provision does not apply. Plaintiff reserves all rights to seek damages and all other or further relief.

4

## IV. INSURANCE AGREEMENTS

At this time, Plaintiff is not aware of any insurance policy under which an insurance carrier would be liable to satisfy part or all of a judgment in this action.

DATED: October 10, 2019                    Respectfully submitted,

/s/Bryce Benjet
BRYCE BENJET
Texas State Bar No. 24006829
E-mail: bbenjet@innocenceproject.org
**THE INNOCENCE PROJECT**
40 Worth Street, Suite 701
New York, New York 10013
Telephone No.: (212) 364-5980
Facsimile No.: (212) 364-5341

ANDREW F. MACRAE
Texas State Bar No. 00784510
E-mail: amacrae@levatinopace.com
**LEVATINO|PACE PLLC**
1101 S. Capital of Texas Highway
Building K, Suite 125
Austin, Texas 78746
Telephone No.: (512) 637-8565
Facsimile No.: (512) 637-1583

Cliff C. Gardner (admitted *pro hac vice*)
Robert A. Weber (admitted *pro hac vice*)
Nicole A. DiSalvo (admitted *pro hac vice*)
Shaivlini Khemka (admitted *pro hac vice*)
**SKADDEN, ARPS, SLATE,**
 **MEAGHER & FLOM LLP**
One Rodney Square
P.O. Box 636
Wilmington, Delaware 19899-0636
Tel.: (302) 651-3000

*Attorneys for Rodney Reed, Plaintiff*

## CERTIFICATE OF SERVICE

      I certify that on this 10th day of October, 2019, I transmitted the foregoing document via email to Matthew Ottoway, counsel for defendant Brian Goertz.

                                /s/ Andrew F. MacRae
                                Andrew F. MacRae

Dated: October 10, 2019