IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RODNEY REED, § | |
| § | **Civil Case No. 1:19-cv-794** |
| Plaintiff, § | |
| § | **CAPITAL CASE** |
| v. § | |
| § | |
| BRYAN GOERTZ, Bastrop County District Attorney, § | |
| in his official capacity only, § | |
| § | |
| Defendant. § | |

**PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION TO STAY DISCOVERY**

**INTRODUCTION**

Plaintiff Rodney Reed regrets that the parties' inability to reach agreement on Defendant Bryan Goertz's Motion To Stay Discovery (the "Motion") burdens this Court with another motion. Reed has no reasonable option but to oppose the Motion because a blanket stay, under present circumstances, will materially prejudice his ability to prosecute this case. It is manifestly unfair for Goertz to preemptively seek to stay all discovery (including initial disclosures) pending disposition of his motion to dismiss (the "Motion to Dismiss") when, at the same time, he opposes any stay of Reed's November 20 execution date—a date Goertz obtained prematurely.[1]

---

[1] Goertz sought and obtained an execution date immediately after the Texas Court of Criminal Appeals denied habeas relief even though he knew Reed intended to seek Supreme Court review of that decision, pursue other federal relief and apply for executive clemency. This practice of gaming for a structural advantage by prematurely obtaining execution dates in order to prejudice capital defendants' pursuits of various avenues of federal relief and clemency has become commonplace in Texas. Of the twenty executions scheduled in Texas this year, at least eight have been either stayed or withdrawn by the courts.

Reed has not served Goertz with any formal discovery requests. Rather, when Reed served his initial disclosures, as required by Federal Rule of Civil Procedure ("Rule") 26(a), he requested that Goertz promptly do the same. Goertz declined and filed this Motion. Reed thereafter proposed to stay discovery pending disposition of the Motion to Dismiss, provided that Goertz agree to stay Reed's November 20, 2019 execution if the Court denies the Motion to Dismiss. Goertz refused, thereby necessitating this opposition.

## ARGUMENT

Goertz has not demonstrated "good cause" to stay discovery, as required by Rule 26(c). *See, e.g.*, *Health Choice Grp., LLC v. Bayer Corp.*, No. 5:17-cv-126-RWS-CMC, 2018 WL 5728520, at *1 (E.D. Tex. Aug. 8, 2018) ("An order staying discovery should only be issued upon a showing of 'good cause' by the movant."); *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-cv-2470-P, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015). Good cause requires a "particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). "While, in theory, a court may find good cause to stay discovery when there is a pending 12(b)(6) motion, in practice such stays are very rare, and almost never wise." *360 Mortgs. Grp., LLC v. LoanCare, LLC*, No. 1:18-cv-332-RP, 2018 WL 6272034, at *1 (W.D. Tex. Nov. 30, 2018); *Yeti Coolers, LLC v. Magnum Solace, LLC*, No. 1:16-cv-663-RP, 2016 WL 10571903, at *1 (W.D. Tex. Oct. 19, 2016).

The Motion is premised on two arguments, neither of which meets the good cause standard—a standard the Motion fails to acknowledge. *First*, Goertz's primary argument is that he is entitled to a blanket stay of discovery because he filed a potentially case dispositive motion. (Motion at 1-3) But a stay of discovery during the pendency of a motion to dismiss "is by no

means automatic." *Glazer's Wholesale Drug Co. v. Klein Foods, Inc.*, No. 3-08-cv-774-6, 2008 WL 2930482, at *1 (N.D. Tex. July 23, 2008) (citations omitted). To the contrary, a stay represents "the exception rather than rule." *Id.*; *Ford Motor Co. v. United States Auto Club, Motoring Div., Inc.,* No. 3-07-cv-2182-L, 2008 WL 2038887, at *1 (N.D. Tex. Apr. 24, 2008).

Accordingly, Goertz cannot demonstrate good cause simply by virtue of having filed the Motion to Dismiss. *See Glazer's Wholesale Drug*, 2008 WL 2930482, at *1 (declining to stay discovery pending motion to dismiss); *Ass'n of Am. Physicians & Surgeons, Inc. v. Texas*, No. A-08-CV-675-LY, 2011 WL 13273839, at *3 (W.D. Tex. July 27, 2011) (denying motion to stay discovery pending resolution of immunity claims involving a Section 1983 action that sought non-monetary relief). Even supported claims that discovery will be "extraordinarily burdensome" have been found insufficient to "depart[] from this Court's ordinary practice not to stay discovery." *Health Choice*, 2018 WL 5728520, at *1-2 (denying second motion to stay discovery even though court had dismissed original complaint without prejudice).

*Second*, the argument that Goertz is entitled to a blanket stay of all discovery because he says *Reed's* initial disclosures were over-inclusive (Motion at 4) is unique, but it too fails to demonstrate good cause for at least two reasons. Initially, Goertz does not, and cannot, explain why the information that Reed included in his Rule 26(a) initial disclosures has anything to do with Goertz's own disclosure obligations, much less that it warrants a protective order excusing him from compliance with his own obligations. It is for Goertz and his counsel, not Reed, to determine their mandatory disclosure obligations.

Moreover, Goertz's speculation that Reed *might* serve Goertz with discovery requests that Goertz unilaterally and prematurely deems to be overbroad does not constitute good cause for a blanket stay of discovery. (Motion at 4) Goertz cannot properly assert an overbreadth

objection to discovery that has not yet been served. That premature and unfounded objection cannot support a stay. If Reed serves discovery requests that Goertz believes are objectionable, Goertz can object to those requests, present his concerns in a meet and confer or, if that process does not yield a resolution, seek protective order, or require Reed to move to compel responses, both of which are contemplated by the federal discovery rules.

What Goertz has not even attempted to do here is show that he would suffer any "annoyance, embarrassment, oppression or undue burden or expense" by serving his initial disclosures in compliance with the mandate of Rule 26(a). Indeed, while Goertz will suffer no harm absent a stay of discovery, the same cannot be said for Reed. Absent a stay of execution, Reed has less than a month to pursue his claims. He will have even less time once this Court rules on the Motion to Dismiss. Under these circumstances, Goertz should not be permitted to avoid his mandatory discovery obligations.

## CONCLUSION

For all of these reasons, Reed respectfully requests that this Court deny the Motion

DATED: October 22, 2019

|  |  |
|---|---|
| *Of Counsel* | /s/ Bryce Benjet |
|  | Bryce Benjet |
|  | **THE INNOCENCE PROJECT** |
|  | 40 Worth Street, Suite 701 |
| Cliff C. Gardner (*admitted pro hac vice*) | New York, New York 10013 |
| Robert A. Weber (*admitted pro hac vice* ) | (212) 364-5980 |
| Nicole A. DiSalvo (*admitted pro hac vice*) | bbenjet@innocenceproject.org |
| Shaivlini Khemka (*admitted pro hac vice*) |  |
| **SKADDEN, ARPS, SLATE,** | Andrew F. MacRae |
| **MEAGHER & FLOM LLP** | **LEVATINO PACE PLLC** |
| One Rodney Square | 1101 S. Capital of Texas Highway |
| P.O. Box 636 | Building K, Suite 125 |
| Wilmington, Delaware  19899-0636 | Austin, Texas 78746 |
| (302) 651-3000 | (512) 637-8565 |
|  | amacrae@levatinopace.com |
|  | *Attorneys for Plaintiff Rodney Reed* |

## CERTIFICATE OF SERVICE

I certify that on this 22nd day of October, 2019, I electronically filed the foregoing pleading with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system. A "Notice of Electronic Filing" was sent to Counsel for Defendant at the following email address:

Matthew Ottoway
Assistant Attorney General
matthew.ottoway@oag.texas.gov

/s/ *Bryce Benjet*
Bryce Benjet