IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RODNEY REED, | § | |
| | § | **Civil Case No. 1:19-cv-794** |
| Plaintiff, | § | |
| | § | **CAPITAL CASE** |
| v. | § | |
| | § | **ORAL ARGUMENT** |
| BRYAN GOERTZ, Bastrop County District Attorney, | § | **REQUESTED** |
| in his official capacity only, | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S REPLY  IN FURTHER SUPPORT OF MOTION TO STAY EXECUTION

Plaintiff Rodney Reed has moved to stay his scheduled November 20, 2019 execution (the "Motion") for a murder he did not commit. (Dkt. 11) The Motion explained that powerful evidence casts extreme doubt upon Reed's conviction and points to someone else as Stacey Stites's murderer. (Mot. at 2-3) It explained the shocking fact that the belt with which she was strangled has *never* been DNA tested, despite this powerful evidence. (*Id.* at 2) The belt, and other key untested evidence, remains "under lock and key" within Goertz's control. (*Id.* at 4)

The Motion also set forth mounting evidence implicating Jimmy Fennell as the murderer, including his prior statements that he would strangle Stites with a belt if he found her cheating on him; his discovery that Reed and Stites were having an interracial affair; his suspicious closing of his bank account while Stites was missing the morning before her body was found; his numerous inconsistent statements about his whereabouts the night she was murdered; and his improper use of the Fifth Amendment privilege to refuse to testify at a *Brady* hearing about his suppressed statements to law enforcement that contradicted his trial testimony about his activities the night Stites died.  (Mot. at 2)

There is more. The Motion also showed the utter absence of evidence connecting Reed to the crime. (Mot. at 3) It explained that the scientific testimony used to convict Reed – the State's self-described "smoking gun" – *has since been recanted* by the experts or their employers, *and proven false* by three of the nation's most respected forensic pathologists. (*Id.*)

Moreover, the Motion explained how the State rushed to set Reed's execution date immediately after the Texas Court of Criminal Appeals denied his habeas application to unfairly and inappropriately truncate federal review of his constitutional claims, behavior that is contrary to the norms of civility demanded of Texas lawyers. (Mot. at 5-6)

Defendant Goertz's opposition (the "Opposition"), filed on October 15, 2019, *does not dispute any of this*. His silence speaks volumes. The undisputed facts overwhelmingly support a stay of Reed's scheduled execution for the Court to consider his constitutional claims. All four of the *Nken v. Holder* elements are satisfied here; a stay should issue.

## ARGUMENT

### I.    REED HAS SHOWN A LIKELIHOOD OF SUCCESS ON THE MERITS.

As Reed's Motion and opposition to Goertz's motion to dismiss demonstrate, Reed's claims are likely to succeed on the merits. Constitutional claims involving the construction of Texas's postconviction DNA statute may be brought under 42 U.S.C. § 1983, *Skinner v. Switzer*, 562 U.S. 521, 525 (2011), and the Amended Complaint removed any possible  procedural or jurisdictional hurdle to the presentation of these meritorious claims.[1] (Mot. at 7 n.5)

---

[1]   Goertz moved to dismiss Reed's original complaint on a number of grounds, including that it was tantamount to a request for mandamus over which the Court does not have jurisdiction. (Dkt. 8) Reed promptly amended his complaint to moot each of these supposed defects, as is his right under Federal Rule of Civil Procedure 15(a)(1). Amending to remove such purported issues is proper and permissible; Goertz cannot now be heard to say that the Court should deny the Motion because of any "delay" from an amendment.

Beyond that, a stay will allow the Court sufficient time to thoughtfully and appropriately resolve Goertz's motion to dismiss. This case is fundamentally different from *Swearingen v. Keller*, No. A-16-CV-1181-YL (W.D. Tex. Oct. 28, 2016), and cannot, therefore, be dismissed for the same reasons. This action is properly pled under *Skinner*, 562 U.S. at 525. The Court should not be rushed in its analysis of these important constitutional issues. Due to the State's rush to set an execution date, Reed is scheduled to be executed in less than a month. That timing constraint is good reason to grant the Motion. *See O'Bryan v. Estelle*, 691 F.2d 706, 708 (5th Cir. 1982) (noting that "at least one of Petitioner's claims presents a substantial question and because we cannot possibly give adequate review to his claims in the few days remaining before his scheduled execution, we must grant the stay in order to protect [his] right to appeal"). The first *Nken* factor is satisfied.

## II.      THE BALANCE OF THE EQUITIES FAVOR A STAY

The remaining *Nken* factors also favor a stay. The Motion established that Reed's upcoming execution presents an irreparable injury if a stay is not granted.  (Mot. at 1, 10) The Opposition disputes this element by misrepresenting Reed's Motion, claiming that he "argues that his death ***via lethal injection*** is irreparable." (Opp. at 5 (emphasis added)) Goertz should take a closer look at the Motion, which makes no such argument. Unlike *Wood v. Collier*, 836 F.3d 534 (5th Cir. 2016) (Opp. at 5), this action does not challenge the anticipated *method* of Reed's scheduled execution, nor is it premised on the irreparable injury of pain resulting from the use of "a five-gram dose of pentobarbital," as in *Wood*.[2] The Opposition fails to present any

---

[2]      Goertz's claim that Reed "has no constitutional right" to DNA testing misses the mark because once a state creates a right to DNA testing, that right must be administered consistent with constitutional protections. *See Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 69 (2009).

relevant argument undermining that death is irreparable. Indeed, by disputing whether the death of a potentially innocent person is irreparable, Goertz reveals his failure to grasp the seriousness of this situation. The second *Nken* element is satisfied.

The Motion established that a stay will not cause any harm, and the Opposition fails to show otherwise. As in *In re Campbell*, there is "nothing upon which [the Court] could determine that 'the granting of the stay would substantially harm the other parties,' including the State of Texas." 750 F.3d 523, 534 (5th Cir. 2014) (citation omitted). The third *Nken* factor is satisfied.

As the Motion explained, the public interest clearly favors a stay because of the powerful evidence of Reed's innocence, public concern that Texas is about to execute an innocent man, and public policy that favors exonerations, as shown by the Texas legislature's multiple expansions of Chapter 64 and its recognition that "the CCA has interpreted the statute in a way that 'prevents the discovery of exonerations.'" (Mot. at 10) (citing C.S.S.B. 487, Committee Report (Apr. 7, 2015)) Goertz does not dispute the presence of powerful evidence of Reed's innocence or the public interest in exonerations; instead, he blithely argues the State's "important interest in the timely enforcement of a sentence" and that "the Court should not impede the execution of a lawful state-court sentence." (Opp. at 6) But those flimsy reasons do not weigh so heavy that they overcome Reed's showing in favor of a stay. Undermining those reasons is the fact that of the 20 executions scheduled in Texas this year, at least eight have been stayed or withdrawn by the courts.[3] The fourth *Nken* factor is satisfied.

---

[3]   *See* https://deathpenaltyinfo.org/stories/outcomes-of-death-warrants-in-2019. Goertz cites no case where those interests alone justified denial of a stay.  *Hill v. McDonough* involved constitutional challenges filed four days before the execution date and claims that could have commenced years earlier, with no new evidence. 464 F.3d 1256, 1259 (11th Cir. 2006).  *Martel v. Clair*, 565 U.S. 648, 662 (2012), is inapposite and does involve a stay motion of any kind.

Because each *Nken* factor is satisfied here, Goertz retreats to claims that Reed "has never acted with diligence," has been "dilatory," is a "laggard" and brings this action "for delay and nothing more." (Opp. at 7-8) This argument lacks merit and directly contradicts Goertz's bemoaning in his motion to dismiss that Reed has waged an "incessant onslaught on his conviction" for two decades. (Dkt. 22, Am. Mot. to Dismiss at 6) The Opposition cannot dispute that Reed first sought DNA testing in 1999 and, then again in 2014, once Article 64 was amended to make touch DNA testing available. (Mot. at 8; Am. Compl. ¶¶ 32, 57, 84)

Nor can delays in Reed's state proceedings fairly be attributed to him, as those proceedings were marred by striking irregularities and delays requested by the State. (Mot. at 3-6) Goertz's cited authorities do not suggest otherwise. *Murphy v. Collier* involved a stay motion filed two days before the execution. 919 F.3d 913 (Mar. 27, 2019). In *Gomez v. U.S. District Court for the Northern District of California*, the applicant waited "more than a decade" to challenge the method under which he would be executed. 503 U.S. 653 (1992). Even that case, however, drew a dissent, arguing that "the State's interest must yield to a deliberate and careful study of the merits." *Id.* at 659. Notably, neither case presented a claim of actual innocence, as set forth here. Moreover, Reed filed his motion to stay with his Amended Complaint and well in advance of his scheduled execution, despite the fact that, as shown in the Motion, his execution date was requested prematurely as part of the State's strategy to set up this very argument. The State's pursuit of finality over truth has fostered extreme resistance to any merits review of Reed's claims, leading renowned pathologist, Dr. Cyril Wecht, to recently describe Reed's case as "one of the clearest unequivocal cases of gross, gross misjudgment, of travesty of justice, that I have ever seen." *See* https://www.drphil.com/videos/forensic-pathologist-calls-rodney-reed-death-penalty-case-a-travesty-of-justice.

## CONCLUSION

Reed respectfully requests that the Court stay his execution pending disposition of this action or, alternatively, expedite this action such that a decision may be rendered before his execution date, with adequate time for any necessary appeals.

DATED: October 22, 2019

| | |
|---|---|
| *Of Counsel* | /s/ *Bryce Benjet* |
| | Bryce Benjet |
| Cliff C. Gardner (*admitted pro hac vice*) | **THE INNOCENCE PROJECT** |
| Robert A. Weber (*admitted pro hac vice*) | 40 Worth Street, Suite 701 |
| Nicole A. DiSalvo (*admitted pro hac vice*) | New York, New York  10013 |
| Shaivlini Khemka (*admitted pro hac vice*) | (212) 364-5980 |
| **SKADDEN, ARPS, SLATE,** | bbenjet@innocenceproject.org |
| **  MEAGHER & FLOM LLP** | |
| One Rodney Square | Andrew F. MacRae |
| P.O. Box 636 | **LEVATINO PACE PLLC** |
| Wilmington, Delaware  19899-0636 | 1101 S. Capital of Texas Highway |
| (302) 651-3000 | Building K, Suite 125 |
| | Austin, Texas 8746 |
| | (512) 637-8565 |
| | amacrae@levatinopace.com |
| | *Attorneys for Plaintiff Rodney Reed* |

## CERTIFICATE OF SERVICE

I certify that on this 22nd day of October, 2019, I electronically filed the foregoing pleading with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system.  A "Notice of Electronic Filing" was sent to Counsel for Defendant at the following email address:

Matthew Ottoway
Assistant Attorney General
matthew.ottoway@oag.texas.gov


/s/ *Bryce Benjet*
Bryce Benjet