IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RODNEY REED, | § | **Civil Case No. 1:19-cv-794-LY** |
| | § | |
| Plaintiff, | § | **CAPITAL CASE** |
| | § | |
| v. | § | **ORAL ARGUMENT** |
| | § | **REQUESTED** |
| BRYAN GOERTZ, Bastrop County District Attorney, | § | |
| in his official capacity only, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S SECOND ADVISORY REGARDING FEDERAL HABEAS FILINGS**

Plaintiff Rodney Reed files this Second Advisory to bring to the Court's attention the Fifth Circuit's Order denying his Motion for Authorization and Proposed Habeas Petition, and his Motion to Stay. A copy of the Order is attached as Exhibit A.

Dated: November 14, 2019                    Respectfully submitted,


 /s/ Bryce Benjet
BRYCE BENJET
State Bar No. 24006829
THE INNOCENCE PROJECT
40 Worth St. Suite. 701
New York, New York 10013
(212) 364-5340
(212) 364-5341 (fax)

ANDREW F. MACRAE
State Bar No. 00784510 LEVATINO|PACE PLLC
1101 S. Capital of Texas Highway Building K, Suite 125
Austin, Texas 78746
(512) 637-8563
(512) 637-1583 (fax)

Attorneys for the Plaintiff

2

## CERTIFICATE OF SERVICE

      I certify that on this 14st day of November, I electronically filed the foregoing pleading with the clerk of the court for the U.S. District Court, Western District of Texas, using the electronic case filing system. I understand a "Notice of Electronic Filing" will be sent to all counsel of record.

                                            */s/ Andrew F. MacRae*
                                             Andrew F. MacRae

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 19-51044

In re: RODNEY REED,

   Movant

A True Copy
Certified order issued Nov 14, 2019

*Lyle W. Cayce*

Clerk, U.S. Court of Appeals, Fifth Circuit

Motion for an order authorizing
the United States District Court for the
Western District of Texas to consider
a successive 28 U.S.C. § 2254 application

ORDER:

Before JONES, ELROD, and HIGGINSON, Circuit Judges.

Rodney Reed, a Texas state prisoner, was convicted and sentenced to death for the murder of Stacey Lee Stites in 1997.[1] Reed's conviction was upheld by the CCA on direct appeal in 2000, *Reed v. State,* No. AP–73,135 (Tex. Crim. App. Dec. 6, 2000) (not designated for publication), *cert. denied, Reed v. Texas,* 534 U.S. 955, 122 S. Ct. 356, 151 L.Ed.2d 270 (2001), and has continued to be upheld through numerous rounds of state habeas petitions that have been ongoing over the past two decades. *Reed*, 739 F.3d at 762–763. Reed has also

---

[1] The lengthy history of movant Rodney Reed's conviction for the murder of Stacey Lee Stites has been recounted by numerous courts, including this court most recently in a 2014 opinion denying Reed's application for a certificate of appealability. *Reed v. Stephens*, 739 F.3d 753 (5th Cir. 2014). Prior to that, the Texas Court of Criminal Appeals ("CCA") included a comprehensive review of the facts and procedural history in *Ex Parte Reed*, 271 S.W.3d 698 (Tex. Crim. App. 2008).

**EXHIBIT A**

Case: 19-51044      Document: 00515199769     Page: 2     Date Filed: 11/14/2019
Case 1:19-cv-00794-LY   Document 30   Filed 11/14/19   Page 4 of 4

No. 19-51044

previously sought federal habeas relief before this court and was denied a certificate of appealability in 2014. *Id.* at 789–90.

Now, seven days before his scheduled execution date on November 20, 2019, Reed filed a motion in this court to authorize filing a successive habeas petition pursuant to 28 U.S.C. § 2244(b). In his motion he claims that there is new evidence that: (1) disproves the entirety of the State's case presented at his capital murder trial; (2) supports Reed's defense that he and Stites had consensual sex about a day before her murder; and (3) strongly implicates Jimmy Fennell (Stites's fiancé) as the actual murderer.

Reed has numerous pending claims in both state and federal court. Complicating our review, Reed acknowledged himself that he "has presented every fact and claim before this Court to the Texas Courts" and that he will "notify this Court upon adjudication of any of the claims . . . by the Texas Court of Criminal Appeals." For that reason, any ruling we were to make as to both strict § 2244(b)(2)(B) requirements would be premature, without the benefit of factual determinations Reed presently has urged and has pending in state court. We therefore DISMISS this motion without prejudice to resubmit after a resolution of his pending claims by the Texas Court of Criminal Appeals. Because we do not authorize Reed's petition for successive habeas, we have no authority to grant a stay of execution. Accordingly, Reed's motion for a stay of execution is DENIED.

If Reed seeks authorization for a successive federal petition upon resolution of his claims currently pending in the state courts, he should resubmit them to us with specific briefing as to which claims are not barred by § 2244(a) and § 2244(b)(1). *See In Re Campbell*, 750 F.3d 523, 529–30 (5th Cir. 2014).