# United States Court of Appeals for the Fifth Circuit

Certified as a true copy and issued as the mandate on **May 14, 2021**

Attest: *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

No. 19-70022

United States Court of Appeals
Fifth Circuit
**FILED**
April 22, 2021
Lyle W. Cayce
Clerk

Rodney Reed,

    *Plaintiff—Appellant*,

*versus*

Bryan Goertz, Bastrop County District Attorney;
Steve McCraw, Texas Department of Public Safety;
Sara Loucks, Bastrop County District Clerk; Maurice
Cook, Bastrop County Sheriff,

    *Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-794

_____

Before Jones, Elrod, and Higginson, *Circuit Judges*.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED.

# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
April 22, 2021
Lyle W. Cayce
Clerk

No. 19-70022

Rodney Reed,

                          *Plaintiff—Appellant*,

versus

Bryan Goertz, *Bastrop County District Attorney*; Steve McCraw, *Texas Department of Public Safety*; Sara Loucks, *Bastrop County District Clerk*; Maurice Cook, *Bastrop County Sheriff*,

                          *Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:19-CV-794

Before Jones, Elrod, and Higginson, *Circuit Judges*.
Jennifer Walker Elrod, *Circuit Judge*:

      Rodney Reed was convicted of capital murder in 1998. Since then, he has sought various forms of post-conviction relief. This case arises from his motion for post-conviction DNA testing, which the Texas state courts denied. Reed brought this lawsuit against certain Texas officials under 42 U.S.C. § 1983. He challenges the constitutionality of the Texas post-conviction DNA testing statute and seeks to compel the Texas officials to release the items he wishes to test. The district court dismissed his claim,

and he now appeals. Because Reed's claim is barred by the statute of limitations, we AFFIRM the district court's judgment.

I.

Stacey Stites was reported missing on April 23, 1996 when she failed to show up for her morning shift at a local grocery store. *Reed v. State*, 541 S.W.3d 759, 762 (Tex. Crim. App. 2017). A passerby found her body later that day in the brush alongside a backroad in Bastrop County, Texas. *Ex Parte Reed*, 271 S.W.3d 698, 704 (Tex. Crim. App. 2008). Nearby, her shirt and a torn piece of her belt were also found. *Reed v. State*, 541 S.W.3d at 762.

At the time of her death, Stites was engaged to Jimmy Fennell, who was then a police officer in Giddings, Texas, and the two shared his red truck. *Id.* Fennell claimed that Stites had likely left their apartment in the truck at her usual hour of 3:00 a.m. to make it to her shift at work. The truck was later found in the parking lot of Bastrop High School. *Id.* The other half of Stites's belt lay outside the truck with the buckle intact. *Id.*

The medical examiner determined that Stites had been strangled with her own belt. *Id.* He also found intact sperm in Stites's vagina and, based on other medical evidence, concluded that Stites had likely been sexually assaulted prior to her death. *Id.* The police could not initially match the DNA of the sperm to anyone, however, and the investigation proceeded for nearly a year before they matched it to Rodney Reed's genetic profile. *Reed v. Stephens*, 739 F.3d 753, 761 (5th Cir. 2014).

Reed was charged with capital murder. He defended himself on the theory that someone else, perhaps Stites's fiancé Fennell, was the murderer. *Reed v. State*, 541 S.W.3d at 775. He argued that his sperm was present not because he had sexually assaulted Stites but because the two had a longstanding sexual relationship that had been carried on in secret. *Id.* The

jury rejected these defenses and convicted Reed of Stites's murder. *Id.* at 763.

Reed appealed his conviction and filed repeated habeas petitions in state court. After the Texas Court of Criminal Appeals rejected Reed's first two habeas petitions, Reed filed a habeas petition in federal court. *Reed v. Thaler*, No. A-02-CA-142, 2012 WL 2254216 (W.D. Tex. June 15, 2012). The district court permitted limited discovery and depositions and then stayed Reed's federal proceedings to allow him to return to state court and exhaust several arguments he had been unable to make up until that point. *Reed v. Stephens*, 739 F.3d at 763. Reed filed several more habeas petitions in state court and returned to federal court several years later to file an amended habeas petition asserting claims of actual innocence. *See id.* The district court granted summary judgment to the government on these claims, and the Fifth Circuit affirmed the district court's action on appeal. *See id.*

After Reed's federal habeas petition was denied, the state moved to set an execution date. *Reed v. State*, 541 S.W.3d at 764. Reed moved for post-conviction DNA testing of several items discovered on or near Stites's body and in Fennell's truck under Chapter 64 of the Texas Code of Criminal Procedure. *Id.* Chapter 64 allows a convicted person to obtain post-conviction DNA testing of biological material if the court finds that certain conditions are met. *See* Tex. Code Crim. Proc. Ann. § 64.03. The trial court denied Reed's Chapter 64 motion, and the Texas Court of Criminal Appeals ultimately affirmed that decision. *Id.* Reed sought certiorari from the Supreme Court of the United States, which was denied in June 2018, *see Reed v. Texas*, 138 S. Ct. 2675 (2018), and his execution was scheduled for November 20, 2019, *In re State ex rel. Goertz*, No. 90,124-02, 2019 WL 5955986, at *1 (Tex. Crim. App. Nov. 12, 2019). On November 11, 2019, Reed filed another state habeas petition, which is still pending review in state

court. *See Ex Parte Reed*, No. 50,961-10, 2019 WL 6114891, at *1 (Tex. Crim. App. Nov. 15, 2019).

In August 2019, Reed filed a complaint under 42 U.S.C. § 1983 against Bryan Goertz, the Bastrop County district attorney, in the United States District Court for the Western District of Texas, which he later amended.[1] Reed's amended complaint challenges the constitutionality of Chapter 64, both on its face and as applied to him. Reed requested declaratory relief from the district court stating that Chapter 64 violates the First, Fourth, Fifth, and Eighth Amendments of the United States Constitution. Goertz moved to dismiss under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The district court denied Goertz's 12(b)(1) motion but granted the 12(b)(6) motion. The court dismissed all of Reed's claims with prejudice. Reed now appeals the district court's decision.

II.

We review a district court's grant of a motion to dismiss *de novo*. *Waste Mgmt. of La., L.L.C. v. River Birch, Inc.*, 920 F.3d 958, 963 (5th Cir.), *cert denied* 140 S. Ct. 628 (2019). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). We must accept all facts as pleaded and construe them in "the light most favorable to the plaintiff." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)). We review a district court's jurisdictional determinations, including determinations-

---

[1] Reed initially brought his § 1983 lawsuit against other custodians of physical evidence in Bastrop County, but dismissed his claims against them in his amended complaint.

No. 19-70022

regarding sovereign immunity, *de novo*. *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019).

III.

We first consider whether we have jurisdiction to hear this appeal. Goertz argues that we lack jurisdiction over this appeal because of the *Rooker-Feldman* doctrine.[2] Goertz is incorrect.

The *Rooker-Feldman* doctrine does not apply to this case. The *Rooker-Feldman* doctrine precludes federal courts other than the Supreme Court "from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006); *see also Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 416 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). It is a narrow doctrine applicable only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the

---

[2] Goertz also asserts that we lack jurisdiction because of the Eleventh Amendment. He is incorrect. The Eleventh Amendment bars lawsuits against public officials when the state is the real party in interest. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100–02 (1984). Because Goertz is being sued in his official capacity as a prosecutorial agent of the state of Texas, the Eleventh Amendment would normally bar a lawsuit unless immunity has been waived or abrogated, or if there is some exception. *Id.* at 99, 102. Here, the *Ex Parte Young* exception permits Reed to bring his claim against Goertz. Under this exception, a state official can be subject to a lawsuit if the lawsuit seeks only prospective relief from a continuing violation of federal law. *See Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002). Contrary to Goertz's assertions, prospective relief can be either injunctive or declaratory. *See Aguilar v. Tex. Dep't of Crim. Just.*, 160 F.3d 1052, 1054 (5th Cir. 1998); *see also Green Valley Special Util. Dist. v. City of Schertz*, 969 F.3d 460, 472–73 (5th Cir. 2020) (en banc). As Reed has asserted a claim for prospective declaratory relief, the *Ex Parte Young* exception permits him to bring his claim. Furthermore, taking the facts alleged as true, Goertz has the necessary connection to the enforcement of the statute. *See Morris v. Livingston*, 739 F.3d 740, 746 (5th Cir. 2014). According to Reed's amended complaint, Goertz has "directed or otherwise caused each of the non-party custodians of the evidence [that Reed seeks] to refuse to allow Mr. Reed to conduct DNA testing" on such evidence and "has the power to control access" to that evidence. This is sufficient for *Ex Parte Young* at this stage.

federal district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp., v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

In this case, the district court correctly concluded that the doctrine is inapplicable to Reed's § 1983 claim because Reed challenged the constitutionality of Texas's post-conviction DNA statute. Reed did not attack the Court of Criminal Appeals' decision itself. Goertz contests that conclusion, arguing that Reed's amended complaint "challenged the [Court of Criminal Appeals'] application of Chapter 64 to him." Goertz argues that Reed's challenge "invited federal court review of a state court's judgment and, if successful, would 'effectively nullify' the [Court of Criminal Appeals'] judgment and would succeed only to the extent that the [Court of Criminal Appeals] wrongly decided the issues."

Goertz's argument, however, embraces an expansive version of the *Rooker-Feldman* doctrine that the Supreme Court has rejected. In *Skinner v. Switzer*, the Supreme Court considered the question of whether "a convicted state prisoner seeking DNA testing of crime-scene evidence" may "assert that claim in a civil rights action under 42 U.S.C. § 1983." 562 U.S. 521, 524 (2011). The Court held that the *Rooker-Feldman* doctrine did not apply to Skinner's claims because of the doctrine's narrow scope. *See id.* at 531. Both *Rooker* and *Feldman* involved cases where the plaintiffs, having lost in state court, asked the federal district courts to overturn a state-court decision. *Id.*; *Rooker*, 263 U.S. at 414; *Feldman*, 460 U.S. at 479–80. Skinner's situation was different, however, because his § 1983 claims did "not challenge the adverse [Court of Criminal Appeals'] decisions themselves; instead [they targeted] as unconstitutional the Texas statute [that the Court of Criminal Appeals' decisions] authoritatively construed." *Skinner*, 562 U.S. at 532. Thus, although a state-court decision may be reviewed only by the Supreme

Court, "a statute or rule governing the decision may be challenged in a federal action." *Id.*

This case is no different than *Skinner*. In state court, Reed asserted that he was entitled to post-conviction DNA testing of certain evidence. *See Reed v. State*, 541 S.W.3d at 764. The Court of Criminal Appeals rejected Reed's request for post-conviction DNA testing. In these proceedings, Reed challenges "the constitutionality of [Chapter] 64 both on its face and as interpreted, construed, and applied" by the state court. Like in *Skinner*, Reed does not challenge the Court of Criminal Appeals' decision itself. Instead, he targets "as unconstitutional the Texas statute [that the Court of Criminal Appeals' decision] authoritatively construed." *Skinner*, 562 U.S. at 532. If Reed were to succeed in his § 1983 claims, the Court of Criminal Appeals' decision would remain intact. Reed has therefore asserted an "independent claim" that would not necessarily affect the validity of the state-court decision. *Exxon*, 544 U.S. at 292–93 (quoting *GASH Assocs. v. Vill. of Rosemont*, 995 F.2d 726, 728 (7th Cir. 1993)); *see also Brown v. Taylor*, 677 F. App'x 924, 927 (5th Cir. 2017). The *Rooker-Feldman* doctrine does not apply.[3]

## IV.

On appeal, Goertz also asserts that Reed's claims are barred by the applicable statute of limitations. Although the district court did not rule on this issue, we can "affirm the district court's judgment on any grounds supported by the record." *United States ex rel Farmer v. City of Houston*, 523 F.3d 333, 338 n.8 (5th Cir. 2008) (quoting *Sobranes Recovery Pool I, LLC v. Todd*

---

[3] Goertz also asserts that he is entitled to absolute prosecutorial immunity. Prosecutorial immunity applies only in lawsuits for damages, not for prospective relief. *See Robinson v. Richardson*, 556 F.2d 332, 334 n.1 (5th Cir. 1977). Because this is a lawsuit brought for declaratory relief, Goertz is not entitled to absolute prosecutorial immunity.

*& Hughes Constr. Corp.*, 509 F.3d 216, 221 (5th Cir. 2007)). Section 1983 claims are subject to a state's personal injury statute of limitations. *See Walker v. Epps*, 550 F.3d 407, 411 (5th Cir. 2008). In Texas, the statute of limitations for personal injury claims is two years. Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a). As such, Reed cannot assert any claims that accrued prior to August 2017.

"We determine the accrual date of a § 1983 action by reference to federal law." *Walker*, 550 F.3d at 414. Our court has not previously decided when the injury accrues in a denial of post-conviction DNA testing claim. However, we have explained that that the limitations period for a § 1983 claim "begins to run 'the moment the plaintiff becomes aware the he has suffered an injury or has sufficient information to know that he has been injured.'" *Russell v. Bd. of Trustees*, 968 F.2d 489, 493 (5th Cir. 1992) (quoting *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992)). The question in this case is when Reed had sufficient information to know of his alleged injury.

Reed alleges that he was denied access to the physical evidence that he wished to test. An injury accrues when a plaintiff *first* becomes aware, or should have become aware, that his right has been violated. *See Russell*, 968 F.2d at 493. Here, Reed first became aware that his right to access that evidence was allegedly being violated when the trial court denied his Chapter 64 motion in November 2014. Reed had the necessary information to know that his rights were allegedly being violated as soon as the trial court denied his motion for post-conviction relief.

Moreover, Reed did not need to wait until he had appealed the trial court's decision to bring his § 1983 claim. The Supreme Court has emphasized "that § 1983 contains no judicially imposed exhaustion requirement; absent some other bar to the suit, a claim is either cognizable under § 1983 and should immediately go forward, or is not cognizable and

should be dismissed." *Edwards v. Balisok*, 520 U.S. 641, 649 (1997) (citation omitted); *cf. Savory v. Lyons*, 469 F.3d 667, 674 (7th Cir. 2006) (citing *Edwards* and concluding that ongoing state proceedings do not toll the statute of limitations for a § 1983 claim for denial of post-conviction DNA testing). Reed could have brought his claim the moment the trial court denied his Chapter 64 motion because there was a "complete and present cause of action" at that time. *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (quoting *Bay Area Laundry and Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.*, 522 U.S. 192, 201 (1997)). Because Reed knew or should have known of his alleged injury in November 2014, five years before he brought his § 1983 claim, his claim is time-barred.

V.

For the foregoing reasons, we therefore AFFIRM the district court's dismissal of Reed's claims because they are not timely.

# United States Court of Appeals
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

May 14, 2021

Ms. Jeannette Clack
Western District of Texas, Austin
United States District Court
501 W. 5th Street
Austin, TX 78701-0000

    No. 19-70022   Reed v. Goertz
                          USDC No. 1:19-CV-794

Dear Ms. Clack,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                                      Sincerely,

                                      LYLE W. CAYCE, Clerk

                                      By: _____
                                      Monica R. Washington, Deputy Clerk
                                      504-310-7705

cc:  Ms. Nicole Andrea DiSalvo
     Mr. Cliff C. Gardner
     Ms. Ann Hahn
     Mr. Shaivlini Khemka
     Mr. Jason Michael Liberi
     Mr. Andrew Fairles MacRae
     Mr. Matthew Dennis Ottoway
     Mr. Robert Alan Weber